Nash, C. J.
 

 The defense is put upon two grounds. The first is that no notice was given by the plaintiff to the defend•ant of the failure of his principle to pay the debt which he had guarantied. The second, that the delay in the demand had discharged his liability. It is unnecessary to consider
 
 *289
 
 the second ground of defense, as our opinion is put upon the first.
 

 A guaranty is a promise to answer the payment of some debt, or the performance of some duty by another, who is himself first liable. To fix the- guarantor, and to entitle the plaintiff to sustain his action, he must make a demand upon the principal, and upon his refusal or neglect, give the defendant notice, within reasonable time, of the fact, and that he is held liable. Notice is, in law, a part of the agreement, and before it is given, the debt does not arise. It must be averred in the declaration and proved. Parsons on Contracts, 514;
 
 Grice
 
 v.
 
 Ricks,
 
 3 Dev. 62.
 

 As to the notice here, what is the evidence ?
 
 Mr. J3eck-with,
 
 the legal adviser of the plaintiff, told the defendant that a bill in Equity had been brought by one Chapman against the administrator of "Williams, claiming to have been a partner with him, and that if Chapman obtained a decree in his favor, the assets in the plaintiff’s hands would be exhausted, and he, the defendant, would be looked to upon his guaranty; but in the event that Williams’administrator prevailed in the suit, then the noté would be paid by the administrator. This certainly was not notice, in contemplation of law, .to the defendant that he was looked to. On the contrary, he is told that, if the suit by Chapman went in favor of the estate of Williams, there would be assets to pay the debt, and if it went against Williams, there would not be; and in that event
 
 he wouldloe looleed to.
 
 This was during the pendency of the suit in Equity, and no notice, as far as the case discloses the fact, was ever given to the defendant, of its issue. The notice to which the guarantor is entitled, to sustain an action against him on the guaranty, must be positive that he is looked to, and held liable on his guaranty. His Honor was of opinion that there was no legal notice proved. In this there was no error.
 

 Pbb Cubiam. Judgment affirmed.